```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JANA    LONGFELLOW,    an
individual,

       Plaintiff,

v.                                    Case No: 2:14-cv-142-FtM-29DNF

LEE MEMORIAL HEALTH SYSTEM,
d/b/a GULF COAST MEDICAL
CENTER

       Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss First Amended Complaint (Doc. #9) filed on April 4, 2014. Plaintiff's Response (Doc. #19) was filed on April 29, 2014. For the reasons set forth below, the motion is granted with leave to amend.

**I.**

The First Amended Complaint (Doc. #4) sets forth two counts: Count I alleges a violation of Title II of the Americans with Disabilities Act, while Count II alleges a violation of § 504 of the Rehabilitation Act of 1973. The factual basis for both counts is the same:  On December 18-19, 2013, defendant Lee Memorial Health System (LMHS or defendant) denied plaintiff Jana Longfellow (Longfellow or plaintiff), who is deaf, the services of an American

Sign Language interpreter during a portion of her stay at defendant's hospital for a scheduled medical procedure. Plaintiff seeks declaratory relief, injunctive relief, and damages in both counts.

Defendant's motion to dismiss raises both a facial and a factual challenge to the request for injunctive relief in each count. A facial challenge requires the court to determine if plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. <u>Houston v. Marod Supermarkets, Inc.</u>, 733 F.3d 1323, 1335-36 (11th Cir. 2013). A factual challenge allows a district court to consider extrinsic evidence and weigh the facts without being constrained to view them in the light most favorable to the plaintiff. <u>Id.</u> at 1336. Defendant argues that plaintiff lacks standing to seek injunctive relief because plaintiff has failed to adequately plead future harm, and that in fact there is no reasonable possibility of future harm. Defendant also asserts that there is a lack of an actual justiciable case or controversy as to injunctive relief because it already has in place the policies plaintiff seeks.

**II.**

To satisfy the minimum standing requirements of Article III, U.S. Const., a party must demonstrate an injury in fact that is:

(1) "concrete, particularized, and actual or imminent"; (2) "fairly traceable to the challenged action"; and (3) "redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149, (2010). When injunctive relief is sought, the Article III injury-in-fact requires an additional showing. In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001). See also Houston, 733 F.3d at 1335-36. Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Id. (citing cases). District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury. Houston, 733 F.3d at 1340. The party invoking federal jurisdiction has the burden of establishing each of these elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

**III.**

Here, Count II of the First Amended Complaint fails to make any allegations regarding a real and immediate threat of future discrimination.  (Doc. #4, ¶¶ 25-33.)  Count II is therefore facially deficient with regard to the injunctive relief.

In Count I, plaintiff alleged that defendant's conduct "constitutes an ongoing and continuous violation of the ADA" and that "defendant will continue violating the law" unless enjoined. (Doc. #4, ¶ 20.)  Plaintiff further alleges that there is a substantial likelihood that she will return to LMHS because she lives in Lee County, she frequents the area surrounding the particular hospital to visit a deaf senior citizen group and shops in the area, her physician who performed the December 18 procedure has privileges at that hospital, and there is a high likelihood of revisiting the hospital for future procedures.  Although a close question, the Court is satisfied that the totality of the circumstances pled are insufficient to establish this component of the standing requirements.  Because plaintiff may be able to do so with further factual information about herself, her medical condition, and/or the dominance of LMHS in the area for needed services, the Court will allow plaintiff the opportunity to amend. In light of a potential amendment, the Court need not address

defendant's factual challenge or its case and controversy arguments.

Accordingly, it is hereby

**ORDERED:**

1.  Defendant's Motion to Dismiss First Amended Complaint (Doc. #9) is **GRANTED**, and the request for injunctive relief in Count I and Count II is dismissed without prejudice.  Plaintiff is granted leave to file a second amended complaint within **fourteen (14) days** of the filing of this Opinion and Order.

2.  If no second amended complaint is filed, defendant shall file its answer within **twenty-eight (28) days** of the filing of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2014.

                                              _____
                                              JOHN E. STEELE
                                              UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record